SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON (Cal. Bar No. 168646)
JAY T. RAMSEY (Cal. Bar No. 273160)
BENJAMIN O. AIGBOBOH (Cal. Bar No. 268531)
ALYSSA SONES (Cal. Bar No. 318359)
PATRICK D. RUBALCAVA (Cal. Bar No. 335940)
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:     310.228.3700
Facsimile:     310.228.3701
Email:         ccardon@sheppardmullin.com
               jramsey@sheppardmullin.com
               baigboboh@sheppardmullin.com
               asones@sheppardmullin.com
               prubalcava@sheppardmullin.com

*Attorneys for Defendant*
WILLIAMS-SONOMA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SPECTOR, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAMS-SONOMA, INC.<br><br>Defendant. | Case No. 4:24-cv-06617-HSG<br><br>*Assigned to the Hon. Haywood S. Gilliam*<br><br>**DEFENDANT WILLIAMS-SONOMA, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS, OR, IN THE ALTERNATIVE, WITHDRAW RENEWED MOTION TO DISMISS [L.R. 7-11]** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Northern District of California Local Rule 7-11, Defendant Williams-Sonoma, Inc. ("WSI") submits this Motion for Administrative Relief to Stay the Action, or, in the alternative, permit WSI to withdraw its Renewed Motion to Dismiss (Dkt. 15) without prejudice to its re-filing (the "Administrative Motion").

## I. STATEMENT OF RELEVANT FACTS

On August 21, 2024, Plaintiff Karen Spector ("Plaintiff") filed a Complaint against WSI in the Superior Court for the State of California, County of San Francisco. Dkt. 1-1. On September 20, 2024, Williams-Sonoma removed the Action to the United States District Court for the Northern District of California. Dkt. 1. On September 24, 2024, the matter was assigned to this Court. Dkt. 7.

On October 28, 2024, WSI filed a Motion to Dismiss Plaintiff's Complaint. Dkt. 11. That Motion was subsequently withdrawn by the parties' stipulation on November 7, 2024. *See* Dkts. 13–14. WSI filed a Renewed Motion to Dismiss on December 4, 2024. Dkt. 15. On January 16, 2025—after the Renewed Motion to Dismiss had been fully briefed (*see* Dkts. 19–20), but before the scheduled hearing date of February 6, 2025—Plaintiff filed a statement with the Court pursuant to Federal Rule of Civil Procedure 25(a) ("Rule 25(a)") notifying the Court that Plaintiff had died. Dkt. 23.

As of the filing of this Administrative Motion, no real party in interest has moved for substitution. *See* Declaration of Craig Cardon ("Cardon Decl.") ¶ 2. Indeed, Plaintiff's counsel has indicated to WSI's counsel that Plaintiff does not intend to substitute a new plaintiff.[1] *Id.* ¶ 4.

The parties met and conferred on the subject matter of this instant Administrative Motion and were unable to reach agreement on a stipulation, thus necessitating this filing. *See id*. ¶¶ 4–5.

## II. ARGUMENT

Rule 25(a) provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P 25(a)(1). However, the motion for

---

[1] Nor has Plaintiff's counsel expressed any belief that the claim has not been "extinguished" and therefore that substitution would even be possible under Rule 25(a).

substitution must be submitted "within 90 days after service of a statement noting death," or else the "action by or against the decedent *must* be dismissed." *Id.* (emphasis added). As applicable here, Plaintiff's counsel filed a statement noting death on January 16, 2025. *See* Dkt. 23. Plaintiff must therefore file a motion to substitute Plaintiff by April 16, 2025, or this action *must* be dismissed. Here, however, Plaintiff's counsel has already indicated that they have no intention to do so. *See* Cardon Decl. ¶ 5.

Given that Plaintiff's counsel has already made the decision not to file a motion for substitution, there is no reason for the Court to consider and rule on WSI's Renewed Motion to Dismiss. Indeed, ruling on the motion now without substitution or consideration of whether the claim has been extinguished would amount to an impermissible advisory opinion.

Article III of the United States Constitution limits federal court jurisdiction to "real controvers[ies] with real impact on real persons." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (citation omitted). "[T]he dead lack the capacities that litigants must have to allow for a true Article III case or controversy." *See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020). "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *Id.*

Plaintiff's untimely passing has rendered this Action devoid of a real party in interest. Therefore, there can be no case or controversy until such a real party in interest is substituted in for Plaintiff (again, if the claim is not extinguished). However, Plaintiff's counsel has indicated that regardless they do not intend to file a motion to substitute the plaintiff. *See* Cardon Decl. ¶ 5. Absent substitution, which is not contemplated here, an order on WSI's pending Renewed Motion to Dismiss would be an impermissible advisory opinion. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) (warning against the issuance of advisory opinions). Rather, given Plaintiff's counsel's representation, Plaintiff's claim should eventually be dismissed. *See Schalow v. San Bernardino County*, 191 F.3d 461, at *1–2 (9th Cir. 1999) (affirming district court's dismissal of an action under Rule 25(a)(1)).

To avoid the issuance of any advisory opinions, WSI respectfully requests that this action

-2-                    Case No. 4:24-cv-06617-HSG
SMRH: 4908-4786-7668        DEFENDANTS' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS

be stayed until April 16, 2025, at which point the Court may exercise its discretion to dismiss the action under Rule 25(a)(1). In the alternative, WSI requests that the Court permit WSI to withdraw its Renewed Motion to Dismiss (Dkt. 15) without prejudice to its re-filing, should Plaintiff's counsel make an about face and timely file a motion to substitute plaintiff under Rule 25(a)(1).

### III.  CONCLUSION

WSI respectfully requests that the Court stay the action until April 16, 2025, and vacate all pending dates and deadlines. In the alternative, WSI requests it be permitted to withdraw its pending Renewed Motion to Dismiss (Dkt. 15) without prejudice to its later re-filing.

Dated: January 29, 2025　　　　　　　**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By　　*/s/ P. Craig Cardon*
P. CRAIG CARDON
JAY T. RAMSEY
BENJAMIN O. AIGBOBOH
ALYSSA SONES
PATRICK D. RUBALCAVA

Attorneys for Defendant
WILLIAMS-SONOMA, INC.